IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LUIS CASTANON,                )
                              )
     Plaintiff,               )
                              )
v.                            )  No. 3:11-cv-00875
                              )  Judge Trauger/Brown
VICTOR S. (TORRY) JOHNSON, III, )
                              )
     Defendant.               )
                              )

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Defendant's Motion to Dismiss and supporting memorandum. (Docket Entries 24, 25). In response, Plaintiff filed a Motion in Opposition and supporting memorandum. (Docket Entries 26, 27). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and all of Plaintiff's claims be **DISMISSED**.

### I. BACKGROUND

This action ultimately stems from evidence in the trial resulting in Plaintiff's convictions for four counts of aggravated rape and one count of aggravated burglary.[1] Plaintiff filed a Petition for Post-Conviction Relief seeking DNA testing of said evidence, pursuant to Tenn. Code Ann. §40-30-301-313. *Castanon v. State of Tennessee*, M2009-01324-CCA-R3-PC,

---

[1] Plaintiff's convictions were affirmed on appeal. *State v. Luis Castanon*, M2003-01491-CCA-R3-CF, 2005 WL 544724 (Tenn. Crim. App., at Nashville, Mar. 8, 2005) *perm. to app. denied* (Tenn. Aug. 22, 2005).

1

2010 WL 5061018 at *1 (Tenn. Crim. App. Dec. 8, 2010). The trial court dismissed this petition, concluding that Plaintiff had not satisfied the statutory requirements authorizing DNA testing. *Id*. Plaintiff appealed, claiming "the trial court erred by summarily dismissing the petition and by failing to require the State to submit proof that 'DNA evidence' no longer existed." *Id*. On December 8, 2010 the Court of Criminal Appeals of Tennessee affirmed the post-conviction judgment. *Id*.

Plaintiff filed an application to appeal to the Tennessee Supreme Court, which voted to hold the application pending disposition of *Powers v. State of Tennessee*, No. W2008-01346-SC-R11-PC. (Docket Entry 24, Ex. 2). *Powers v. State*, 343 S.W.3d 36 (Tenn. 2011) was decided on June 16, 2011 and, on July 14, 2011, the Tennessee Supreme Court denied Plaintiff's application for permission to appeal. (Docket Entry 24, Ex. 3).

Plaintiff filed his complaint (and supporting memorandum) in this Court on September 14, 2011, alleging a civil rights violation under 42 U.S.C. §1983. (Docket Entries 1, 2). Plaintiff names one defendant in his complaint: Victor S. (Torry) Johnson, III, the District Attorney General for the 20th Judicial District of Tennessee.[2] ("General Johnson"). Plaintiff specifically alleges that the "State of Tennessee's refusal to release biological evidence for DNA testing pursuant to Tennessee's Post Conviction DNA Analysis Act has amounted "to a violation of

---

[2]Plaintiff's filings often interchange the named-defendant, "General Johnson," with the "State of Tennessee." The Magistrate Judge notes that, based on Plaintiff's complaint, Defendant Johnson is sued in his official capacity. A suit against a state official in his official capacity is usually no different from a suit against the state itself. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). That said, while a state is not subject to an injunction, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id*. at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).

2

procedural due process pursuant to the Fourteenth Amendment to the U.S. Constitution."[3] (Docket Entry 1, p. 2). Plaintiff requests this Court to order "the Respondent" to immediately turn over the biological evidence taken during the investigation of his case, in addition to any other relief the Court deems appropriate. (*Id*., p. 3).

On January 30, 2012 the Defendants filed the now-pending Motion to Dismiss and supporting memorandum. (Docket Entries 24, 25). On February 17, 2012, Plaintiff responded with a Motion in Opposition and supporting memorandum. (Docket Entries 26, 27).

## II. STANDARD OF REVIEW

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id*. *See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that

---

[3] The filings in this case refer to Tennessee's Post-Conviction DNA Analysis Act of 2001, codified at T.C.A. § 40-30-301 *et seq*.

3

suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.  In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

III.  LEGAL ANALYSIS

A. Tennessee's Application of the Post-Conviction DNA Analysis Act of 2001 Did Not Violate Plaintiff's Procedural Due Process Rights.

Plaintiff's assertion that the State of Tennessee's refusal to release evidence pursuant to its Post-Conviction DNA Analysis Act amounts to a violation of procedural due process does not state a claim on which relief can be granted.  Plaintiff relies heavily on the Supreme Court's holding that allowed a state prisoner to seek postconviction DNA testing by filing a §1983 action.  *Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011).  The Supreme Court noted, however, that a prisoner's ability to bring federal DNA testing claims is severely limited by its holding in *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S.Ct. 2308 (2009).  "*Osborne* rejected the extension of substantive due process to this area . . . and left slim room for the prisoner to show that the governing state law denies him procedural due process[.]" *Skinner*, 131 S.Ct. at 1293 (citing *Osborne*, 129 S.Ct. at 2321-22).

To establish a procedural due process violation in a §1983 action, a plaintiff must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law.  *Swihart v. Wilkinson*, 209 Fed.Appx. 456, 459 (6th Cir. 2006) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).  That said, "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Osborne*, 129 S.Ct

4

at 2320. A state "accordingly has more flexibility in deciding what procedures are needed in the context of postconviction relief." *Id*. When a state provides avenues for convicted defendants to seek relief, "due process does not 'dictate the exact form such assistance must assume.'" *Id*. (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987)). "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 129 S.Ct. at 2320.

Tennessee's Post-Conviction DNA Analysis Act of 2001 provides convicted defendants with procedures to petition for certain DNA testing. The Sixth Circuit has expressly stated that said Act does not create a procedural due process right to post-conviction DNA testing. *Alley v. Key*, No. 06-5552, 2006 WL 1313364 at *2 (6th Cir. May 14, 2006), *cert. denied by* 548 U.S. 921 (June 27, 2006). Further, "[t]he state-imposed requirements for securing DNA analysis under the Act do not themselves create any unconstitutional deprivation." *Id*. The Magistrate Judge believes there is nothing inadequate about Tennessee law, much like the *Osborne* Court saw nothing inadequate about the post-conviction procedures Alaska provided. Alaska's procedures "are similar to those provided for DNA evidence by federal law and the law of other States[.]" *Osborne*, 129 S.Ct. At 2320 (citing 18 U.S.C. §3600(a)). Turning to the facts in this case, Tennessee law is also similar to the federal law.[4] Notably, Tennessee's post-conviction procedures also provide that courts "may" order DNA analysis relevant to a more favorable "verdict or sentence." T.C.A. §40-30-305. This goes a step further than the federal law, which

---

[4]The applicable federal statute requires, among other conditions, that the proposed DNA testing may produce new material evidence that would "raise a reasonable probability that the applicant did not commit the offense." 18 U.S.C.A. §3600(a). Similarly, the applicable Tennessee statute mandates court-ordered DNA analysis under certain conditions where a "reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis." T.C.A. § 40-30-304.

provides no such discretionary provision. *See* 18 U.S.C. §3600(a). Plaintiff did not petition for mandatory DNA analysis related to his conviction, but instead petitioned the court to use its discretion to order DNA testing that would improve his verdict or sentence. T.C.A. §40-30-305.

The case at bar is analogous to *Alley*, where the convicted inmate "was not deprived of his right under state law to petition for DNA analysis. His petition was simply denied under state law." *Alley*, 2006 WL 1313364 at *2. Here, the Plaintiff accessed adequate state-law procedures and was simply denied the relief he hoped for. The Magistrate Judge notes that Plaintiff's petition reached three different state courts: the trial court summarily dismissed Plaintiff's petition; the appellate court affirmed dismissal after "thorough review of the record and the briefs"; and the Tennessee Supreme Court denied permission to appeal–but only after waiting to reach a decision in *Powers v. State*.[5] In short, Tennessee law does not provide Plaintiff a procedural due-process right to postconviction DNA testing and, thus, his allegation that Tennessee violated his constitutional rights by refusing to provide additional DNA testing fails to state an actionable claim under §1983.

C. Additionally, *Res Judicata* Bars Plaintiff from Obtaining Injunctive Relief

Plaintiff requests "injunctive relief" in this case. (Docket Entry 2, pg. 1). Specifically, he requests this Court to issue an order "compelling the State of Tennessee to turn over the biological evidence requested by Plaintiff for DNA analysis." (*Id*., pg. 3). In short, *res judicata* prevents this Court from providing such relief. "Tennessee recognizes the traditional doctrine of *res judicata*, which is a claim preclusion doctrine[.]" *Calaway v. Schucker*, 295 Fed.Appx. 251,

---

[5]*Powers v. State*, 343 S.W.3d 36 (Tenn. 2011), held that if a court orders DNA testing pursuant to Tennessee's Post-Conviction DNA Analysis Act of 2001, then the successful petitioner may access a DNA database. *Powers* essentially expands how DNA evidence can be analyzed if the court orders testing; it does not confer a right to DNA testing in the first place.

254 (6th Cir. 2010) (internal quotations and citations omitted). The *res judicata* "doctrine bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit."[6] *Id*. In Tennessee, *res judicata* applies when the party asserting it demonstrates: "(1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 Fed.Appx. 547, 552 (6th Cir. 2008) (quoting *Gerber v. Holcomb*, 219 s.w.3D 914, 917 (Tenn.Ct.App. 2006)).

While the Magistrate Judge is puzzled why the District Attorney took so long to respond in the state case and why the state trial court did not require the Defendant to produce an affidavit verifying the existence (or nonexistence) of the DNA evidence, this Court cannot relitigate the issue. Still, even without an affidavit or additional explanation regarding the whereabouts of the requested DNA evidence, the issue was clearly referenced at the state level. The Assistant District Attorney who tried the matter asserted that "no DNA evidence is left." *Castanon*, M2009-01324-CCA-R3-PC, 2010 WL 5061018 at *2. While the appellate court noted that the "skeletal response by the State was followed the very next day by the trial court's order summarily dismissing the petition[,]" it concluded that the petition "was properly summarily dismissed." *Id*. at *3. The appellate court specifically explained that even assuming

---

[6]General Johnson, the named-defendant in this case, is in privity with the State of Tennessee, the named-defendant at the state level. *See Pittman v. Michigan Corrs. Organization*, 123 Fed.Appx. 637, 640 (6th Cir. 2005) ("[A] prior judgment involving the government will bar an action against individual officers of the government in their official capacity for the same claim.").

7

a DNA sample still exists, "which is denied by the State's response, [Plaintiff] has not shown the existence of the first factor under [T.C.A. 40-30-305]." *Id*. Thus, the appellate record reflected the prosecutor's express assertion that no DNA evidence exists and a hypothetical assumption that such evidence would not change the dismissal of Plaintiff's petition. The Tennessee Supreme Court denied Plaintiff's application for appeal after considering the record. (Docket Entry 24, Ex. 3). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering states." *Abbot v. Michigan*, 474 F.3d 324, 330 (6th Cir 2007) (citing 28 U.S.C. § 1738). In short, the state courts clearly considered both Plaintiff's petition for DNA evidence and the prosecution's denial that such evidence is even available. The issue of availability of DNA evidence was already litigated and cannot be re-examined here. The doctrine of *res judicata* applies and this Court cannot grant Plaintiff an injunction involving evidence that, according to the state courts, does not exist.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's claims **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of

further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Submitted this 14th day of March, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge