UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| LUIS CASTANON | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:11-0875 |
| | ] | Judge Trauger |
| VICTOR S.(TORRY) JOHNSON, III | ] | |
|     Defendant. | ] | |


**M E M O R A N D U M**

On March 14, 2012, the Magistrate Judge issued a Report and Recommendation (Docket Entry No.28) in which he urges the Court to grant the defendant's Motion to Dismiss (Docket Entry No.24). The plaintiff has filed timely objections (Docket Entry No.31) to the Report and Recommendation. For the reasons stated below, the Court finds that plaintiff's objections lack merit and should be overruled.

The plaintiff is currently serving an aggregate sentence of sixty (60) years in prison for aggravated rape (four counts) and aggravated burglary.

Pursuant to Tennessee's Post-Conviction DNA Analysis Act of 2001, codified as Tenn. Code Ann. § 40-30-301, *et seq.*, the plaintiff filed a petition for the DNA testing of certain evidence used against him at trial. The state trial court denied the petition after concluding that the plaintiff had failed to satisfy

the statutory requirements for such testing. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. The Tennessee Supreme Court later rejected the plaintiff's application for further review.

The plaintiff then filed the instant *pro se* action brought pursuant to 42 U.S.C. § 1983. The plaintiff's claim reads in its entirety :

> The State of Tennessee's refusal to
> release biological evidence for DNA
> testing pursuant to Tennessee's Post
> Conviction DNA Analysis Act, has deprived
> Petitioner of his liberty interest
> in utilizing state procedures to obtain
> reversal of his conviction and/or
> sentence. Thus, amounting to a violation
> of procedural due process pursuant to the
> Fourteenth Amendment to the U.S. Constitution.

Docket Entry No.1 at pg.2.

In his motion to dismiss, the defendant argues that the complaint fails to state a claim because the plaintiff was accorded all the due process he was entitled to under state law. He offers in the alternative that the complaint is barred by the Rooker-Feldman doctrine.

The Magistrate Judge recommends that the defendant's motion to dismiss be granted and that this action be dismissed. That recommendation is premised upon his finding that the plaintiff has failed to state a claim upon which relief can be granted. More specifically, the Tennessee Post-Conviction DNA Analysis Act of 2001 does not create for the plaintiff a due process right to DNA testing. The Magistrate Judge further concluded that, because the

question of DNA testing had already been addressed in the state courts, the doctrine of res judicata precludes further litigation of the matter in federal court.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

In Alley v. Key, 2006 WL 1313364 (6th Cir. (Tenn.)), the Sixth Circuit Court of Appeals had the following to say about procedural due process and the Tennessee Post-Conviction DNA Analysis Act of 2001 :

> Specifically, we concur with the district court's finding that Alley enjoys no procedural due process right to post-conviction DNA testing. Nor does Tennessee's Post-Conviction DNA Analysis Act create such a right. Tenn. Code Ann. § 40-30-301, *et seq.* The state-imposed requirements for securing DNA analysis under the Act do not themselves create any unconstitutional deprivation. Finally, Alley was not deprived of his right under state law to petition for DNA analysis. His petition was simply denied under state law.

*Id.* at pg.2.

The only federally protected right that the plaintiff had in this regard was his right to petition for DNA testing as provided for by state law. By plaintiff's own admission, he was provided that opportunity. No further process was required by the Constitution. Therefore, in the absence of a constitutional

violation, the Magistrate Judge correctly found that the plaintiff had failed to state a claim under 42 U.S.C. § 1983 for which relief could be granted.[1] Accordingly, the Report and Recommendation shall be adopted and approved in all respects.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[1] The plaintiff mistakenly places a great deal of reliance on the decision rendered in Skinner v. Switzer, 131 S.Ct. 1289 (2011). While the fact pattern in that case was very similar to the plaintiff's situation, Skinner addressed "only the questions whether there is federal-court subject-matter jurisdiction over Skinner's complaint and whether the claim he presses is cognizable under § 1983." Id. at pg.1297. This decision is no way answered what due process, if any, may arise from a state DNA statute.